IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARYL JOSEPH JOHNSON, CP-6234,    )
    Petitioner,
               )
   v.            ) Civil Action No. 06-381

HARRY E. WILSON, et al.,
    Respondents.        )

## REPORT AND RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Daryl Joseph Johnson for a writ of habeas corpus be dismissed and that a certificate of appealability be denied as the petition is time barred.

II. Report:

Daryl Joseph Johnson, an inmate at the State Correctional Institution at Fayette has presented a petition for a writ of habeas corpus.

Johnson is presently serving a life sentence imposed following his conviction, by the court, of second degree murder, burglary and criminal conspiracy at Nos. 9303779 and 9304979 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on December 9, 1994.[1]

An appeal was taken to the Superior Court where the judgment of sentence was affirmed on February 21, 1997, and leave to appeal was denied by the Pennsylvania Supreme Court on

---

[1] See: Petition at ¶¶ 1-7.

Dockets.Justia.com

October 27, 1997.[2]

A petition for post-conviction relief was filed in the Court of Common Pleas on October 19, 1998 and denied by the Court on August 25, 2000.[3] A timely appeal was taken to the Superior Court where the denial of relief was affirmed on October 15, 2001.[4] Leave to appeal to the Pennsylvania Supreme Court was apparently not sought.[5] The petitioner subsequently filed a second post-conviction petition on July 14, 2002 and it was dismissed on March 3, 2003.[6] On appeal, that dismissal was affirmed on March 12, 2004 by the Superior Court on grounds of lack of timeliness and a petition for allowance of appeal to the Supreme Court was denied on April 6, 2005.[7]

In support of the instant petition, Johnson contends that he is entitled to relief on the following grounds:

1. Denial of a speedy trial.
2. Ineffective assistance of trial counsel.
3. The fact finder/trial judge was in possession of non-admissible evidence.
4. The fact finder/trial judge could not be free of prejudice.
5. Fact finder/trial judge should have recused himself.
6. Court erred in failing to suppress petitioner's tampered statement.
7. Trial counsel was ineffective for failing to move for a mistrial as a result of

---

[2] Additional chronological references are gleaned from the March 12, 2004 Judgment Order of the Superior Court filed in this case and attached hereto.

[3] See: Petition at ¶ 12 and Docket of the Court of Common Pleas of Allegheny County, Pennsylvania No: 02-CR-0003779-1993.

[4] See: Docket of the Superior Court of Pennsylvania No.1567 WDA 2000.

[5] Id.

[6] See: ¶12(b) of the petition and the Docket of the Court of Common Pleas.

[7] See: Docket of the Court of Common Pleas.

inadmissible evidence before the fact finder/trial judge.
8. Trial court impermissibly directed reported to delete portions of the transcript.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the direct appeal on February 21, 1997 and leave to appeal to the Pennsylvania Supreme Court was denied on October 27, 1997. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on January 26, 1998. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until October 19, 1998, or almost nine months after he could have done so. That petition was denied on August 25, 2000, and that denial was affirmed on appeal on October 15, 2001.

A second post-conviction petition was filed on March 4, 2003. That petition was denied on July 14, 2002 and the denial of post-conviction relief was affirmed as having been untimely filed on March 12, 2004. Leave to appeal to the Pennsylvania Supreme Court was denied on April 5, 2005.

The instant petition was executed on March 15, 2006 . Thus, combining the nine month delay in initially seeking post-conviction relief with the delay from the denial of that petition on October 15, 2001 before seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.[8]

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which he seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response he deems appropriate as mandated by the decision in United States v. Bendolph, 409 F.3d 155 (3d.Cir.2005).

For this reason, it is recommended that the petition of for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[8] We do not consider the filing of the second post-conviction petition here since that petition was not deemed properly filed.

Respectfully submitted,

*/s/ Robert C. Mitchell*

Robert C. Mitchell,
United States Magistrate Judge

Dated: April 11, 2006